CLEMADELL ET AL. *v.* THE MUNICIPALITY OF JUANA DÍAZ.

APPEAL from the District Court of Ponce.

No. 247.—Decided June 24, 1908.

NICHES—LEASE—DESECRATION OF NICHE—VIOLATION OF LEASE.—In the case at bar the plaintiffs brought an action to recover $10,000 damages for violation of a lease of a niche, by opening and removing the contents of the same while the lease was in force. The district court rendered judgment against the defendant for $300. This court held that the defendant was responsible for violation of the contract of lease, and affirmed the judgment.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

*Messrs. Boerman and Llorens* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

In the complaint filed in this case, the plaintiffs allege the followings facts:

"First. That the plaintiff, Leonor Galceran y Lugo is the widow of Enrique Clemadell Sanlleys, who died in Juana Díaz on September 20, 1903.

"Second. That the plaintiff, Enrique Clemadell y Rivera, is the legitimate son of the said Enrique Clemadell y Sanlleys.

"Third. That on September 21, 1903, the plaintiffs entered into a contract of lease with the defendant municipality for a niche in the public cemetery of Juana Díaz, which niche was then and is now the property of the said municipality of Juana Díaz; that said lease was agreed upon for the term of five years to count from September 21, 1903, to September 21, 1908; that the same was entered into by the plaintiff with the defendant for the purpose of saving sepulture in that niche for the body of the said Clemadell y Sanlleys, who died on the date mentioned and was placed in said leased niche on September 21, 1903; that, on September 30, 1903, the plaintiffs paid to the defendant municipality the price of the lease of the niche for five years, and received the proper receipt signed by the municipal treasurer and also by the auditor of said municipality.

"Fourth. That on the 18th of the current month of August, 1907, the defendant municipality of Juana Díaz, through its employes duly appointed and empowered to act in the name of the municipality, opened the niche in which the body lay, removed the stone tablet and the masonry which closed the niche, took out the casket and removed therefrom and threw upon the ground, the remains of said body found therein. And all this was done by the municipality of Juanna Díaz through its employes, in desecration of the body referred to and in violation of the contract of lease aforementioned.

. "Fifth. That by reason of the acts mentioned, the plaintiffs not only have suffered and continue to suffer the profound sorrow caused by the outrage of such desecration to the tomb and the remains of a father and husband, but in addition they will be deprived throughout their life of the consolation which they would have had and thought of having after the expiration of the said contract of lease by preserving these relics so sacred to them. And the plaintiffs estimate at the sum of $10,000, the damages they have sustained and will continue to sustain through the said acts of the defendant municipality of Juana Díaz, in violating the contract entered into by the latter had with the plaintiffs. And for all these reasons, the plaintiffs pray the court to render judgment adjudging the municipality of Juana Díaz to pay: the plaintiffs the said sum of $10,000, as indemnity for the acts alleged."

The defendant municipality demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and that it was ambiguous and doubtful, and said demurrer having been overruled, it then filed an answer to the complaint, denying each and every one of the facts alleged therein and on December 16, 1907, the District Court of Ponce rendered judgment, sustaining the complaint and adjudging the defendant corporation to pay $300 to the plaintiffs as indemnity for damages, and to pay the costs.

Both parties appealed from this judgment to this Supreme Court and it is to be noted that the appeal of the plaintiffs was taken more than 15 days after judgment had been rendered.

It is clearly stated in the complaint that the defendant corporation violated the contract of lease which it had entered

into with the plaintiffs, and as the facts which constitute this violation have been set forth with sufficient clearness and precision, and as the action is derived precisely from said alleged violation, the complaint in our judgment states facts sufficient to constitute the action for damages exercised therein, which facts have not been alleged in either ambiguous or doubtful terms, wherefore the judgment of the district court should be affirmed, and the demurrer of the defendant overruled.

By virtue of the appeal taken by the defendant municipality, it has been possible for us to enter upon an examination of the evidence heard at the trial, and such evidence shows a manifest and negligent violation by the defendant corporation of the contract of lease entered into with the plaintiffs, to which reference is made in the third allegation of the complaint, which violation was committed by one of the employes of said municipality, in the discharge of his duties, and, consequently, said municipality is directly responsible for the acts of such employe, and the trial judge so held in fixing $300 as the sum which the defendant was to pay as damages to the plaintiffs.

The undersigned justice sees no reason whatsoever which could serve as a basis to modify the declarations contained in the judgment of the lower court, as it is not possible to discuss the sufficienby of the sum of $300 allowed by the lower court as damages, and to the payment of which the defendant is adjudged for, as we have said before, the appeal taken by the plaintiffs, who are the ones who raised this issue, was filed after the expiration of the 15 days allowed by law to contest a judgment on the ground that it is not supported by the evidence, and we recommend that it be affirmed, without any special taxation of costs.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.